NATHANIEL BRYANT, JR., *& al., versus* CHRISTOPHER ERSKINE *& als.*

In the trial of a real action wherein the plaintiffs claim title as assignees of the mortgager, and the defendants as assignees of the mortgagee of a mortgage conditioned for the payment of a specified sum or the support of the mortgagee during life, and to allow the latter to occupy a certain part of the house on the mortgaged premises : — *Held,*— That evidence on the part of the plaintiffs is admissible to prove,

1. Which, if either, of the alternative conditions the mortgager had elected to perform;

2. That he had fulfilled the one elected so long as he continued in possession : and,

3. That the assignment of the mortgager was made with the consent of the mortgagee, who was anxious for such assignee to fulfill the condition, which he offered to do.

On Exceptions.

Writ of Entry. The writ dated Sept. 1, 1863.

At the May term, 1865, the death of the original plaintiff was suggested, and the present plaintiffs, heirs of the original plaintiff, appeared and prosecuted the action.

The plaintiffs alleged exceptions to the exclusion of certain evidence offered by them. The facts sufficiently appear in the opinion.

*J. S. Abbott* and *Ruggles*, for the plaintiffs.

*A. P. Gould*, for the defendants.

Appleton, C. J. — On the 22d April, 1861, Ephraim Linscott conveyed the demanded premises to Charles H. Linscott by deed of warranty. On Aug. 14, 1862, Charles H. Linscott mortgaged the same premises, and, on Oct. 9, 1862, released his remaining interest therein to the demandant's ancestor.

This would transfer the entire title of Ephraim Linscott, were it not for the mortgage given by Charles H. Linscott to Ephraim Linscott, and Jane Linscott, on April 22, 1861, conditioned to pay " the sum of twenty-five hundred dollars, or well and truly support said Ephraim and Jane, or the surviver of them, during their natural lives, in as good and comfortable a manner as they have been accustomed to live ; to furnish them, and each of them, with all the necessary food, clothing, medical attendance, nursing, pocket money, with the use of a horse and wagon when necessary, all necessary fuel, and allow them to occupy the south part of the house, and pay all taxes on the farm," &c., &c.

As between mortgager and mortgagee, the mortgager, by the very terms of the mortgage, is to have possession of the premises to enable him to comply with its terms, if he should elect to support the mortgagees. Before the breach of the condition, the mortgagees could not rightfully enter and keep

the mortgagers out of possession. *Bryant* v. *Erskine*, 55 Maine, 153. Neither was the mortgage assignable until after breach of condition. *Ib. Bethlehem* v. *Annis*, 40 N. H., 34.

In defence, the defendants introduced an assignment from Ephraim Linscott of the mortgage given by Charles H. Linscott to him and wife, dated Sept. 29, 1862, to one Harriet N. Harris, and another assignment of the same mortgage from said Linscott and wife to said Harris, dated Nov. 13, 1862. This mortgage was assigned to the tenants on April 13, 1863, and they justify their possession under it.

The demandant's title was perfect as against all, save the mortgagees. The validity of the assignments, under which the tenants claim title, depends upon the question whether there had been a breach of the condition or not, when the mortgagees undertook to assign the mortgage to Mrs. Harris. Without a breach there was no debt existing, if the mortgager had made his election. The tenants introduced evidence to prove there had been such a breach as would give the mortgagees a right to enter. This evidence was essential to the defence, for if there had been no such breach, neither Harriet N. Harris, nor her assignees, could have rightfully entered upon the mortgager in possession prior to any breach of condition on his part. Neither could they enter upon his assignee, if the assignee was in the faithful performance of the condition of the mortgage, the assignment having been made with the knowledge and approval of the mortgagees, and they having accepted the assignee of the mortgager, in lieu of the mortgager, to perform such condition. While, and as long as the conditions of the mortgage were fully complied with to the satisfaction of the mortgagees, they would have no ground of complaint, and the mortgager or his assignee, or grantee, with the consent of the mortgagees would be entitled to the possession. *Bryant* v. *Erskine, supra.*

The demandants offered to prove that the assignment of Charles H. Linscott's mortgage to Ephraim Linscott, and Jane Linscott to H. N. Harris, was obtained by fraud, in which the defendants conspired with said Harris to obtain

title and possession of the premises by false pretences and misrepresentation; and that Charles H. Linscott did support the mortgagees according to the condition of the mortgage until he left the premises in Nov., 1862, and that Nathaniel Bryant offered to support them from that time afterwards, and fulfil the condition of the mortgage according to its tenor, and to make up and pay any deficiency, which might by possibility exist, and that he notified said Harris to leave the premises and allow him to fulfil the condition of the mortgage, offering to pay all expenses incurred by her in any such support; and that the said Ephraim and Jane were desirous of having Mr. Bryant to take care of them, and not said Harris, and desired her to leave, but she insisted upon staying there against their will.

Also, that the mortgagees consented and approved of the deed of Charles H. Linscott to said Bryant.

This evidence was excluded. Most of it, as will be hereafter seen, was material in many aspects of the case, and should not have been rejected.

The condition of the mortgage was in the disjunctive, and the election was with the mortgager to determine which of two things to be done he would elect to do. The evidence rejected would show that he had made such election, and that it was to support the mortgagees.

The tenants introduced evidence tending to show a breach of the condition by the mortgager prior to the assignment under which they claim title. The evidence offered would negative such breach, and would show an entire performance of the condition until after the assignment.

The evidence that the assignment by Charles H. Linscott to the plaintiff's ancestor was made with the consent and approbation of the mortgagees, and that they were desirous that he should "take care of them," and that he was ready and offered to comply with all the conditions of the mortgage, should, it would seem, have been received. *Bryant* v. *Erskine.*

Whether the facts offered to be proved could have been established, is not the question. If proved, they tended to

negative the title of the tenants and to establish that of the demandants.

This action, it is to be observed, was commenced by Nathaniel Bryant, senior, and the rights of the parties depend upon the state of facts existing at the time of its institution. If the tenants were not entitled to possession, the demandants are. *Exceptions sustained.*

KENT, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.